# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Ashley James,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:25-cv-00738-DAE** |
| | § | |
| **Go For Rent of Texas, Inc.,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE DAVID A. EZRA**
   **UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Ashley James' Complaint, filed May 14, 2025 (Dkt. 1), and Motion for Entry of Default Judgment, filed September 26, 2025 (Dkt. 8).[1] On March 9, 2026, the Court held an evidentiary hearing on the Motion for Default Judgment at which James and her counsel appeared. Defendant Go For Rent of Texas, Inc. doing business as Go4Rent.com failed to appear.

## I.    Background

James brings this suit against Defendant ("Go4Rent") under the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b). She alleges that Go4Rent is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. Dkt. 1 ¶ 2. It sells consumer reports, also known as tenant screening reports, to mortgage brokers, landlords, and property management companies who use the reports to make decisions regarding prospective borrowers and tenants. *Id.*

---

[1] By Text Order entered September 29, 2025, the District Court referred this motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

When James applied to rent a home in October 2024, the property owner used Go4Rent to run a background check on her. *Id.* ¶¶ 19-21. The report contained inaccurate information, including criminal records related to the "'manufacture of meth,' a Class D Felony." *Id.* ¶¶ 22-23. The criminal records belonged to a consumer in Tennessee with the same first and last name but a different Social Security number. *Id.* ¶ 25; Dkt. 8 at 10.

The property owner initially denied James' housing application based on the false information but granted her application after she provided "a report from her longtime employer vouching for her character." *Id.* ¶ 28. The property owner "requested a double deposit of nearly $2,000 due to concerns about the felony convictions." *Id.* ¶ 30.

James filed her Complaint on May 14, 2025 and served Go4Rent on June 20, 2025. Dkts. 1, 4. After Go4Rent failed to timely answer or otherwise respond, the Clerk entered default on July 21, 2025. Dkt. 6. James now moves for an entry of default judgment against Go4Rent under Rule 55. Dkt. 8.

## II.   Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id.* Even when the defendant technically is in default, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

Courts apply a three-part test to determine whether to enter a default judgment. *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). First, the

court considers whether entry of default judgment is procedurally warranted. *Id.* at 814. Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for judgment. *Id.* Finally, the court determines what relief, if any, the plaintiff should receive. *Id.*

### III.   Analysis

### A.  Default Judgment is Procedurally Warranted

In determining whether a default judgment is procedurally warranted, courts consider:

(1)  whether material issues of fact are at issue;

(2)  whether there has been substantial prejudice;

(3)  whether the grounds for default are clearly established;

(4)  whether the default was caused by a good-faith mistake or excusable neglect;

(5)  the harshness of a default judgment; and

(6)  whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because Go4Rent not filed an answer or any responsive pleadings. *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . .") (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Second, taking James' well-pleaded factual allegations as true, she has asserted a meritorious cause of action under § 1681e(b) based on Go4Rent's inaccurate credit reporting, and she will be substantially prejudiced if her request for default judgment is denied. Third, the grounds for default are clearly established: The Clerk has entered default against Go4Rent, which was properly served and has "failed to answer or respond." *Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F. Supp. 3d 772, 781 (E.D. Tex. 2023). Fourth, the Court cannot find

a good-faith mistake or excusable neglect because Go4Rent has failed to appear. Fifth, although James seeks damages, she seeks only those damages to which she is entitled under the FCRA, limiting the harshness of a default judgment. Finally, the Court is not aware of any facts giving rise to good cause to set aside default judgment if challenged by Go4Rent. For these reasons, this Magistrate Judge finds that default judgment is procedurally warranted.

## B.  There is Sufficient Basis for Judgment in the Pleadings

Next, the Court next must determine whether there is a sufficient basis in the pleadings for the judgment requested. *Nishimatsu*, 515 F.2d at 1206 (stating that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). Based on failure to respond, courts assume a defendant admits all well-pleaded facts in a complaint, but a defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

James alleges that Go4Rent violated § 1681e(b) of the Fair Credit Reporting Act ("FCRA") by preparing an inaccurate tenant screening report and providing it to her prospective landlord. Section 1681e(b) "requires consumer reporting agencies to 'follow reasonable procedures to assure maximum possible accuracy of' consumer reports." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 335 (2016) (quoting 15 U.S.C. § 1681e(b)). By its plain text, the statute applies only to consumer reporting agencies preparing a consumer report. *Walters v. Tenant Background Search*, No. 1:16-CV-1092-DAE, 2019 WL 4980450, at *4 (W.D. Tex. Aug. 1, 2019)).

To plausibly allege a violation of section 1681e(b), James must allege that Go4Rent is a consumer reporting agency ("CRA") governed by the FCRA. *Id.* at *4. She also must plead facts sufficient to show that (1) Go4Rent prepared a consumer report about her that contained inaccurate information; (2) the inaccuracy was due to Go4Rent's failure to follow reasonable procedures to assure maximum possible accuracy; (3) James suffered a cognizable injury; and (4) her injury was

4

caused by the inclusion of the inaccurate entry. *Harter v. RealPage, Inc.*, 218 F. Supp. 3d 535, 540 (E.D. Tex. 2016).

### 1. Credit Reporting Agency

A CRA is:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). James alleges that Go4Rent "sells consumer reports, also known as tenant screening reports, generated from its database and furnishes these consumer reports to mortgage brokers, landlords, and property management companies." Dkt. 1 ¶ 2. The Court finds that she has sufficiently alleged that Go4Rent is a CRA as defined by the FCRA.

### 2. Inaccurate Report

James alleges that Go4Rent "assembled and published an inaccurate consumer report to Plaintiff's prospective landlord, which included criminal records that did not belong to Plaintiff." Dkt. 1 ¶ 3. She alleges that the Social Security number listed on the records did not match hers and that she has never lived in Tennessee, where the felony convictions occurred. *Id.* ¶¶ 25-27. The Court finds that James sufficiently alleges that the consumer report was inaccurate. *See Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 288 (5th Cir. 2025) (stating that a credit report entry is "inaccurate" within the meaning the FCRA if "it is patently incorrect.").

### 3. Reasonable Procedures

Section 1681e(b)'s requirement to follow reasonable procedures "does not impose strict liability for inaccurate entries. Rather, the plaintiff must show that the inaccuracy resulted from a negligent or willful failure to use reasonable procedures when the report was prepared." *Sepulvado*

*v. CSC Credit Servs., Inc.*, 158 F.3d 890, 896 (5th Cir. 1998). The adequacy of a CRA's procedures is judged according to "what a reasonably prudent person would do under the circumstances." *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 568 (5th Cir. 2020) (citation omitted).

James alleges that Go4Rent did not follow reasonable procedures because the "inaccurate reporting could easily have been avoided had Defendant performed a cursory review of the widely available public court records regarding the felony convictions prior to publishing the information." *Id.* ¶ 5. She alleges that her "grossly inaccurate" report shows Go4Rent's did not use reasonable procedures to ensure the accuracy of the information it reports, and that the violation is "pursuant to its standard policies and practices." *Id.* ¶¶ 6-7.

An inaccurate credit report itself can show unreasonable procedures when it is inconsistent with the rest of a consumer's file. *Toliver v. Experian Info. Sols., Inc.*, 973 F. Supp. 2d 707, 723 (S.D. Tex. 2013). A CRA's failure to require a "minimum number of 'points of correspondence' between the consumer and the file" or identify disparities in Social Security numbers violates § 1681e(b). *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982). Because James alleges that Go4Rent failed to match the Social Security number or address in the report with her own, the Court finds that she sufficiently pleads that Go4Rent did not take reasonable procedures to assure maximum possible accuracy as required by § 1681e(b).

### 4. Injury

James alleges that she was required to pay "a double deposit of nearly $2,000" and suffered a "near loss of housing opportunities." Dkt. 1 ¶¶ 9, 30. She alleges damages in the form of "loss of time and money trying to correct the consumer report; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment." *Id.* ¶ 38.

James also alleges that she suffered "physical injury as a result of emotional distress, embarrassment, inconvenience, anxiety, fear of homelessness, and financial loss." *Id.* ¶ 8. Because lost time is not a concrete injury, *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 825 (5th Cir. 2022), the Court finds that James alleges cognizable injuries for emotional damages as well as the double rental deposit. "Under the FCRA, damages for mental anguish and emotional distress are recoverable as actual damages under Section 1681o." *Caban v. HSBC Mortg. Servs.*, 373 F. Supp. 3d 709, 713 (N.D. Tex. 2016).

### 5. Causation

To plead causation, the plaintiff must allege a "personal injury fairly traceable to the defendant's allegedly unlawful conduct." *California v. Texas*, 593 U.S. 659, 668-69 (2021). James alleges that the double deposit was an "added financial burden [that] was a direct result of the false background check report" Defendant provided. Dkt. 1 ¶ 31. She also alleges that the damages to her mental and emotional health and reputation are "a result of Defendant's violation of the FCRA." *Id.* ¶ 38. Allegations that a CRA's conduct caused financial harm and mental anguish and emotional distress sufficiently allege causation. *Greathouse v. Cap. Plus Fin. LLC*, 690 F. Supp. 3d 610, 628 (N.D. Tex. 2023); *Caban*, 373 F. Supp. 3d at 713. The Court finds James has sufficiently alleged that her double deposit and emotional damages were caused by Go4Rent's inaccurate screening report.

## C. Form of Relief

Having found that a default judgment is appropriate, the Court must determine whether James' requested relief is proper under the statute. *United States v. 1998 Freightliner*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). Although a defaulting defendant admits the truth of the well-pleaded

7

facts alleged in the complaint, it does not concede the truth of allegations concerning damages. *Jackson v. FIE Corp.*, 302 F.3d 515, 525 (5th Cir. 2002).

James alleges that Go4Rent negligently and willfully violated § 1681e(b) and seeks actual damages, punitive damages, and attorneys' fees for Go4Rent's willful violation under § 1681n. Alternatively, she seeks actual damages and attorneys' fees for Go4Rent's negligent violation under § 1681o. The Court finds that damages James seeks are not "a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### 1.  Section 1681n

Section 1681n(a) provides: "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . . ". "Only defendants who engaged in 'willful misrepresentations or concealments' have committed a willful violation and are subject to punitive damages under § 1681n." *Stevenson v. TRW Inc.*, 987 F.2d 288, 293, 294 (5th Cir. 1993) (citing *Pinner v. Schmidt*, 805 F.2d 1258, 1264 (5th Cir.1986)).

To be willful, misrepresentations must be the result of either a "knowing" or "reckless" violation of the FCRA. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). To commit a knowing violation, "a defendant must have knowingly and intentionally committed an act in conscious disregard for the rights of others." *Stevenson*, 987 F.2d at 293. Recklessness is "conduct violating an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Safeco*, 551 U.S. at 68 (citation omitted). In *Safeco*, the Supreme Court considered whether the defendant's actions lacked "a foundation in the statutory text" and if it had "the benefit of guidance from the courts of appeals or the Federal Trade Commission (FTC) that might have warned it away from the view it took." *Id.* at 70. A failure to

8

adequately investigate or implement better procedures does not necessarily constitute a willful violation. *Cousin v. Trans Union Corp.*, 246 F.3d 359, 372-74 (5th Cir. 2001).

James argues that the "inaccurate reporting could have easily been avoided had Defendant performed a cursory review of the widely available public court records regarding the felony convictions prior to publishing the information." Dkt. 1 ¶ 5. She makes no other allegations that Go4Rent's actions were knowing or reckless and cites no case law supporting a willfulness finding on these facts. She also does not allege that she disputed the report with Go4Rent or that Go4Rent had notice of the inaccuracy. Because James merely attacks the adequacy of Go4Rent's procedures, the Court finds that she has not sufficiently alleged that its actions were willful.

### 2.  Section 1681o

Under § 1681o, a CRA's "negligent failure to utilize reasonable procedures subjects the agency to actual damages resulting from its failure, court costs, and reasonable attorney's fees." *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 798 (N.D. Tex. 2014) (Ramirez, M.J.). James alleges that Go4Rent's report included inaccurate information, which it could have avoided through review of public records or procedures to identify discrepancies. Dkt. 1 ¶¶ 5, 25. She argues that the incorrectly reported criminal conviction took place in a state where she has never lived, and that verifying the social security number would have shown that the record does not correspond to James. Dkt. 8 at 8. She asserts that reasonable procedures would have prevented the inaccurate reporting and Go4Rent's failure to implement such procedures was negligent. *Id.* Because James alleges that Go4Rent's procedures did not ensure the records corresponded to her or identify inconsistencies, the Court finds that she sufficiently alleges a negligent violation of § 1681e(b).

### 3. Damages

This Magistrate Judge finds that James is entitled to and seeks actual damages, costs, and attorneys' fees for Go4Rent's negligent violation of the FCRA under § 1681o.

### a. Actual Damages

Actual damages under the FCRA "may include out-of-pocket monetary losses, injury to credit reputation and mental anguish, humiliation or embarrassment." *Fischl v. Gen. Motors Acceptance Corp.*, 708 F.2d 143, 148 (5th Cir. 1983). "Even when there are no out-of-pocket expenses, humiliation and mental distress do constitute recoverable elements of damage under the Act." *Thompson*, 682 F.2d at 513. To prove actual damages, "[e]ach element of damage must be linked to the consumer-reporting agency's failure to comply with its FCRA obligations." *Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 738 (S.D. Tex. 2006).

James seeks $50,000 in actual damages. Dkt. 8 at 11. During the hearing, she testified that she paid an extra $2,000 for her security deposit because of Go4Rent's report, which caused her financial and emotional stress. She also testified that she spent about forty hours addressing Defendant's inaccurate reporting; that Go4Rent's report damaged her reputation because her landlord checked in on her actions and has reservations about her honesty; and that she felt embarrassed by having to detail personal issues at work when she had to tell her supervisor about the inaccurate report to obtain assistance.

James argued during the hearing that *Stevenson*, 987 F.2d at 297, supports her requested award. In *Stevenson*, the plaintiff was awarded $30,000 in actual damages for inaccurate reporting of his debts because he was denied credit on three separate occasions after disputing the credit report, suffered embarrassment by having to inform business associates of his problems, and spent months trying to resolve the problems. *Id.* at 291, 297. James argues that she merits a higher award because

10

Go4Rent's inaccurate reporting involved criminal impropriety. She also asks the Court to consider awards in cases of defamation per se, which is analogous to inaccurate credit reporting. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 432 (2021).

The Court agrees that *Stevenson* applies, but finds that it does not support a $50,000 actual damages award. Unlike the plaintiff in *Stevenson*, James testified Go4Rent's inaccurate report delayed one housing application and she resolved the issue in about a week. In somewhat more recent cases, Texas courts have awarded $25,000 in actual damages for slander or libel per se based on statements of criminal misconduct. *Miranda v. Byles*, 390 S.W.3d 543, 555-57 (Tex. App.—Houston [1st Dist.] Oct. 25, 2012, pet. denied); *Morrill v. Cisek*, 226 S.W.3d 545, 551 (Tex. App.—Houston [1st Dist.] Dec. 21, 2006, no pet.). Based on these awards, the Court finds that James' $2,000 security deposit and emotional distress support a damage award of $25,000.

In her Complaint, James alleged that Go4Rent's inaccurate report caused her "physical injury as a result of emotional distress, embarrassment, inconvenience, anxiety, fear of homelessness, and financial loss." Dkt. 1 ¶ 8. She admitted during the hearing, however, that she suffered no physical injury. James also requested $1,000 in statutory damages, Dkt. 1 at 7, but statutory damages are not available under § 1681o.

## IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** James' Motion for Default Judgment (Dkt. 8) and enter default judgment against Go4Rent. The Court further **RECOMMENDS** that the District Cout award James $25,000 in actual damages. If James intends to request attorneys' fees and costs, she must file an affidavit with supporting evidence after the District Court's entry of judgment.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

### V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 2, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE