IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ASHLEY JAMES, | § | NO. 1:25-CV-738-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| GO FOR RENT OF TEXAS, INC. | § | |
| doing business as | § | |
| Go4Rent.com, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION, AND GRANTING
MOTION FOR DEFAULT JUDGMENT

Before the Court is a Report and Recommendation filed by U.S.

Magistrate Judge Susan Hightower.  (Dkt. # 11.)  On September 29, 2025, the

Court referred Plaintiff Ashley James's ("Plaintiff" or "James") Motion for Default

Judgment (Dkt. # 8) to Magistrate Judge Hightower.  Magistrate Judge Hightower

filed her Report and Recommendation (the "Report") on April 2, 2026.  Objections

to the Report were due within 14 days after being served with a copy.  Neither

party filed any objections to the Report.

BACKGROUND

The Court will recite the facts as stated by the Magistrate Judge.

James brings this suit against Defendant ("Go4Rent") under the Fair Credit

Reporting Act, 15 U.S.C. § 1681e(b).  She alleges that Go4Rent is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis.  (Dkt. # 1 ¶ 2.)  It sells consumer reports, also known as tenant screening reports, to mortgage brokers, landlords, and property management companies who use the reports to make decisions regarding prospective borrowers and tenants. (Id.)

When James applied to rent a home in October 2024, the property owner used Go4Rent to run a background check on her.  (Id. ¶¶ 19-21.)  The report contained inaccurate information, including criminal records related to the "'manufacture of meth,' a Class D Felony."  (Id. ¶¶ 22-23.)  The criminal records belonged to a consumer in Tennessee with the same first and last name but a different Social Security number.  (Id. ¶ 25; Dkt. 8 at 10.)  The property owner initially denied James' housing application based on the false information but granted her application after she provided "a report from her longtime employer vouching for her character."  (Id. ¶ 28.)  The property owner "requested a double deposit of nearly $2,000 due to concerns about the felony convictions."  (Id. ¶ 30.)

James filed her Complaint on May 14, 2025, and served Go4Rent on June 20, 2025.  (Dkts. ## 1, 4.)  After Go4Rent failed to timely answer or otherwise respond, the Clerk entered default on July 21, 2025.  (Dkt. # 6.)  James

2

now moves for an entry of default judgment against Go4Rent under Rule 55.  (Dkt. # 8.)

On April 2, 2026, Magistrate Judge Hightower entered her Report on the motion for default judgment, recommending that the Court grant Plaintiff's motion.  (Dkt. # 11.)  No objections were filed.

ANALYSIS

Where, as here, neither party objects to the Magistrate Judge's findings, the Court reviews the Report and Recommendation for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

After careful consideration, the Court adopts the Magistrate Judge's Report and Recommendation.  The Court finds that the Magistrate Judge's conclusion is correct that Defendant has not entered an appearance in this case or otherwise responded, and that after considering the relevant factors, "default judgment is procedurally warranted."  (Dkt. # 11 at 3.)  Additionally, the Magistrate Judge's conclusion that Plaintiff has demonstrated the elements of her Fair Credit Reporting Act claim is correct.  (Id. at 3–7.)  And the Court finds the Magistrate Judge's calculations of damages, costs, and fees are neither clearly erroneous nor contrary to law.  (Id. at 7–11.)

CONCLUSION

Accordingly, for the reasons given, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 11) as the opinion of the Court, and **GRANTS** Plaintiff's Motion for Default Judgment.  (Dkt. # 8.)  The Court thus **ENTERS DEFAULT JUDGMENT** against Defendant under Rule 55(b), and awards Plaintiff monetary damages of $25,000.00.  If Plaintiff intends to request attorneys' fees and costs, she must file an affidavit with supporting evidence after the entry of judgment.  The Clerk's Office is **INSTRUCTED** to **ENTER JUDGMENT** and **CLOSE THE CASE**.

IT IS SO ORDERED.

**DATED:** Austin, Texas, April 27, 2026.

_____
David Alan Ezra
Senior United States District Judge

4